**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| FERNANDO MARTIN IZQUIERDO-HERRERA, a.k.a. Fernando Izquierdo, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-72730 <br><br> Agency No. A098-246-360 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Fernando Martin Izquierdo-Herrera, native and citizen of Peru, petitions for

review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum and

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence, *Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir. 2005), and deny the petition for review.

Izquierdo-Herrera does not raise any arguments in his opening brief regarding the BIA's dispositive determination that his asylum claim was time-barred. *See Martinez-Serrano v. INS,* 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived). Accordingly, his asylum claim fails.

Substantial evidence supports the BIA's finding that Izquierdo-Herrera's altercations with drug dealers and the anonymous threats he received did not establish persecution on account of a protected ground. *See Ochoa*, 406 F.3d at 1171-72 (business owner in Columbia who rejected narco-trafficker demands did not establish persecution on account of imputed political opinion or membership in a particular social group); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, we deny the petition as to Izquierdo-Herrera's withholding of removal claim.

**PETITION FOR REVIEW DENIED.**